UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

DAVID ROSS,

                            Plaintiff,

    -against-

THE CITY OF NEW YORK, a municipal entity;
New York City Police Officers JOHN and JANE DOES
(whose real names are currently unknown), in their
individual capacities,

                          Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Case No. 23-4927

Plaintiff DAVID ROSS, by and through his attorneys, HAMILTON CLARKE, LLP, alleges as follows:

**PRELIMINARY STATEMENT**

1. While Plaintiff David Ross was detained in the custody of the New York City Police Department, NYPD officers failed to take necessary and appropriate steps to protect Mr. Ross from a foreseeable and preventable assault by another detainee. NYPD officers in charge of the holding area knew the person who attacked Mr. Ross was dangerous and behaving erratically. Indeed, before the detainee assaulted Mr. Ross, NYPD officers were antagonizing and verbally provoking him and he was threatening to commit violence.

2. David Ross is a retired, veteran firefighter. At the time of his injury, he had worked for the Reno, Nevada, Fire Department for over twenty years. The injuries that he suffered in NYPD custody caused substantial physical pain – Mr. Ross needed stitches inside his eyelid to address a large laceration he sustained under his right eye – and severe psychological pain, which haunts him to this day.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress under 42 U.S.C. § 1983 for violations of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over state law claims that are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events alleged herein were committed within this district.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of his claims for which a jury trial is legally available.

## THE PARTIES

7. Plaintiff DAVID ROSS is a citizen of the United States and of the State of Nevada. At all times relevant to this complaint, he resided in Washoe County in the City of Reno.

8. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

9. The City is authorized by law to maintain a police department and does maintain the New York City Police Department (hereinafter referred to as "NYPD"). The NYPD acts as the City's agent and the City assumes the risks incidental to the maintenance of a police department and the employment of police officers.

10.     Defendants NYPD Officers JOHN and JANE DOES (collectively "the Individual Defendants") were, at all relevant times, employed by the City and acted under color of law in the course and scope of their duties and authority as officers, agents, servants, and employees of the City and the NYPD.

11.     At all relevant times, the Individual Defendants violated plaintiffs' clearly established rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article 1 §§ 1, 6, and 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of plaintiffs' rights.

## STATEMENT OF FACTS

12.     David Ross is a retired Captain in the Reno, Nevada, Fire Department.

13.     In March 2022, Mr. Ross came to New York City to chaperone his eighth-grade son's school trip.

14.     On March 17, 2022, Mr. Ross was arrested by New York City police officers after he was mistakenly identified by a hotel guest as the perpetrator of an offense. The charges were later dismissed after surveillance video confirmed that Mr. Ross had been wrongly identified.

15.     However, while Mr. Ross was in NYPD custody, he was brutally assaulted by another detainee.

16.     After his arrest, Mr. Ross was taken to Central Booking in Manhattan.

17.     Because he had not yet been arraigned, Mr. Ross was still in NYPD custody while he was being held at Central Booking.

18. Mr. Ross told the NYPD officers in charge of the holding cells that he was an off-duty firefighter because he was concerned for his safety if he was identified as a uniformed first responder by another detainee.

19. NYPD officers moved Mr. Ross to a cell that was close to the officers' desks and where Mr. Ross was the only person in the cell.

20. NYPD officers later placed another detainee into the cell with Mr. Ross.

21. This other detainee appeared unwell and was apparently suffering from a medical condition.

22. Later, defendants NYPD officers JOHN and JANE DOES placed a third detainee in the cell with Mr. Ross. This third detainee is the person who later assaulted Mr. Ross.

23. Defendants NYPD officers JOHN and JANE DOES brought this third detainee from another cell where he was acting aggressively, behaving erratically, and expressing an intention to commit violence.

24. Defendants NYPD officers JOHN and JANE DOES were antagonizing the detainee, and referred to him by name.

25. After the detainee was moved into the cell with Mr. Ross, he paced around the cell aggressively.

26. After they moved the aggressive detainee into the cell with Mr. Ross, defendants NYPD officers JOHN and JANE DOES continued to antagonize the aggressive detainee.

27. Mr. Ross kept to himself in a corner of the cell, attempting to avoid attention from the aggressive detainee.

28. Eventually, emergency medical services (EMS) arrived to provide treatment for the second detainee who was unwell.

29. When defendants NYPD officers JOHN and JANE DOES entered the cell to assist the EMS workers, the third detainee's behavior became more erratic and aggressive.

30. Although the third detainee was visibly agitated and acting erratically, defendants NYPD officers JOHN and JANE DOES did not take steps to control the aggressive detainee or keep him separated from Mr. Ross.

31. The aggressive detainee lunged at Mr. Ross and hit him in the head.

32. When the officers pulled the man off Mr. Ross, the EMS paramedics saw that Mr. Ross was seriously injured and they told the NYPD officers that Mr. Ross needed immediate medical attention.

33. Mr. Ross was transported to the emergency room at Bellevue Hospital as a trauma one patient.

34. Mr. Ross was treated for a large laceration under his right eye, which required stitches inside his eyelid.

35. Mr. Ross still has a scar above his cheekbone.

36. Mr. Ross required further medical care for his injuries after he returned home to Nevada, and he has experienced persistent and likely permanent problems with his right eye.

37. Mr. Ross suffered severe and ongoing psychological trauma as a result of the foregoing events.

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

38. Plaintiff served a Notice of Claim upon the City by electronic means, as prescribed by the Office of the New York City Comptroller on or about June 16, 2022.

39. Defendant City conducted an examination of plaintiff pursuant to New York General Municipal Law § 50-h on February 9, 2023.

40. More than thirty days have elapsed since the Notice of Claim was served on the New York City Comptroller's Office and the City of New York has neglected and/or refused to adjust or pay said claims.

41. This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Deliberate Indifference / Failure to Protect
### Against the Individual Defendants

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

43. The Individual Defendants knew of and disregarded the excessive risk of harm to Plaintiff's health and safety by failing to separate him from another detainee who was aggressive, acting erratically, and expressing an intention to commit violence.

44. As a result of the aforementioned conduct and inaction of Defendants, Plaintiff was severely injured by another inmate and sustained serious physical injuries.

45. In committing the acts and omissions complained of herein, the Individual Defendants acted under color of law to deprive plaintiff of his constitutionally protected rights.

46. As a direct and proximate result of the individual Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

47. The unlawful conduct and inaction of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

48. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual

Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**SECOND CAUSE OF ACTION**
**New York City Administrative Code § 8-801** *et seq.*
**Against All Defendants**

49. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

50. Plaintiff's right to be free from unreasonable searches and seizures was violated by the conduct of the Individual Defendants.

51. The Individual Defendants are liable under New York City Administrative Code § 8-803(a).

52. The City of New York is liable as the employer of the Individual Defendants under New York City Administrative Code § 8-803(b).

53. Under New York City Administrative Code § 8-804, "it is not a defense to liability pursuant to this chapter that a covered individual has qualified immunity or any other substantially equivalent immunity."

54. As a result of the above conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries.

55. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury

56. As a result of the foregoing, Plaintiff is entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION
### Negligence / Gross Negligence / Recklessness
### Against All Defendants

57. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

58. Defendants owed Plaintiff a duty of care while he was in the custody of the City of New York.

59. Defendants failed to perform their duties with the degree of care that a reasonably prudent and careful person would have used under similar circumstances.

60. By the foregoing acts and inaction, Defendants failed to use due care to protect Plaintiff from foreseeable and preventable assault by another detainee.

61. Plaintiff's injuries herein were caused by Defendants' breach of duty of care they owed plaintiff.

62. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to plaintiff.

63. As a result of the above tortious conduct, the Individual defendants are liable for punitive damages.

64. Defendant City is vicariously liable for the conduct of the Individual Defendants as set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages against the Individual Defendants to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 12, 2023

HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(212) 729-0952

By: _____
Joshua S. Moskovitz
Calla R. Ketchens

*Attorneys for Plaintiff*