

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**THOMAS LAI**
*Senior Counsel*
E-mail:tlai@law.nyc.gov
Phone: (212) 356-2336
Fax: (212) 356-3509

July 16, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> It is hereby ORDERED that Defendants shall provide a copy of the video to the Court no later than July 24, 2025. It is further ORDERED that the parties shall appear before the Court for a conference regarding this dispute on July 31, 2025, at 10:00 a.m. in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007.
>
> Dated:  July 22, 2025
>         New York, New York
>
> **SO ORDERED.**
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re:  *David Ross v. City of New York* et al.
     23 Civ. 04927 (JLR)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York, Police Officer Jason Soto, Police Officer Amarildo Lamcaj, and Police Officer Clarissa Elder. Defendants write in response to Plaintiff's discovery letter dated July 13, 2025. ECF No. 62.

### Identities of Non-Party Witnesses

      Plaintiff seeks the identities of two individuals who were in the cell with Plaintiff at some point but who did not observe the assault. Pursuant to Rule 1 of the Federal Rules of Civil Procedure, the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Under Rule 26, the "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case…" Rule 26(b)(1). Defendants believe Plaintiff's request is inconsistent with those rules.

      Defendants have objected to this request because, *inter alia*, the evidence currently in the record leads to the conclusion that these individuals have no direct knowledge that is relevant to the issue in this case, that the request is not proportional to the needs of the case because the burden of a search for their identities outweighs the limited probative value to Plaintiff. Furthermore, on July 3, 2025, Defendants served a supplemental response, ECF No. 62-3, and again reiterated their

objection as that information sought may be sealed by operation of CPL 160.50/55 and production would violate the privacy, safety, and security interest of non-parties.

As an initial matter, Defendants note that they have already produced the identity and arrest records of the detainee who assaulted Plaintiff which were unsealed by this Court. ECF No. 43. A request to identify the two other individuals Plaintiff now seeks or to unseal their records was not included in the previous request to unseal. Defendants have also produced the surveillance footage of the cell before and after the assault on Plaintiff.

Plaintiff has not actually proffered any information as to the relevance of the request other than the fact that these individuals are visible on the surveillance video footage in the cell where the incident occurred. On July 10, 2025, the parties conferred via telephone regarding this issue. Plaintiff's claims that these two individuals are "believed to be eyewitnesses to the assault of Plaintiff" and that Plaintiff will be prejudiced without access to this information. This is contrary to the depictions on the surveillance video. It is clear from the eight minutes of video footage before the incident that these two other individuals were not involved in and did not observe Plaintiff being randomly attacked. Indeed, only one of these individuals is depicted on the surveillance video footage when the incident occurs, however, this individual is laying down with their head back and their view obstructed by Officer Lamcaj and the cell bars. The second individual is not even present for the incident because the video depicts them entering the bathroom before the incident and exiting thereafter.[1]

The identities of these two other individuals remain unknown at this time and, as a result, it is unclear if the criminal records associated with these individuals are sealed. Plaintiff's counsel was already informed that a search would essentially amount to the NYPD searching for "a needle in a haystack" because access to an individual's arrest records, such as their arrest photographs, would be unavailable if the record is sealed.

Upon information and belief, there are no individual detainee logs for each individual cell. As a result, any attempt to identify these two individuals begins with NYPD investigating *every* individual who was detained in Manhattan Central Booking on March 17, 2022, which is further complicated by the fact that much of this information is likely sealed. The search proposed by Plaintiff would potentially amount to the NYPD having to attempt to identify these two individuals' multiple times, once without access to sealed information and a second time in the event the information pertaining to these individuals is sealed and access to sealed information is ordered by the Court. The cost and burden of such a search, in light of the evidence on the surveillance video and the fact that the assailant has already been identified, far outweigh any benefit to Plaintiff.

For the foregoing reason, Defendants respectfully request that the Court deny Plaintiff's application.

---

[1] A copy of the video, which was produced to Plaintiff on August 2, 2024, can be provided to the Court for review.

**Plaintiff's Request for a Discovery Extension**

As indicated in Plaintiff's letter,[2] Defendants take no position as to Plaintiff's request to extend discovery. Plaintiff's deposition is currently scheduled for Friday, July 18, 2025. Plaintiff delayed in serving a Notice of Deposition for a Rule 30(b)(6) witness and only did so by email on July 10, 2025. The request is untimely and appears to be objectionable for other reasons which Defendants will raise separately. While Defendants acknowledge that Officer Elder and Officer Soto are currently out on leave and unavailable to be deposed, it is Defendants' position that this is no reason for discovery to remain open indefinitely. It is further Defendants' position that the depositions of Officer Elder and Officer Soto be held in abeyance until the officers return from leave if they cannot be completed during discovery.

Defendants thank the Court for its consideration of the above.

Respectfully submitted,

*Thomas Lai s/*
Thomas Lai
Senior Counsel
Special Federal Litigation Division

---

[2] In addition, it was indicated in Plaintiff's letter that defense counsel will be out of the office on annual leave and unavailable from August 5, 2025 through August 15, 2025.