

48 Wall Street, Suite 1100          Bejal J. Shah, Senior Counsel
New York, NY 10005                  Direct Dial: 212-729-0952
                                    Shah@HCLLPLaw.com
Tel: 212-729-0952
www.HCLLPLaw.com

**BY ECF**                                        August 29, 2025

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street, Room 1920
New York, NY 10007

The parties shall appear before the Court for a conference regarding this dispute and Plaintiff's request for a Rule 37(b) order, *see* Dkt. 71, on **September 18, 2025**, at 10:00 a.m. in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007.

Dated:  September 10, 2025
        New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re:    *Ross v. City of New York*, No. 23-cv-04927 (JLR)

Your Honor:

I am counsel for Plaintiff David Ross and I am writing to request a pre-motion discovery conference regarding an unresolved discovery dispute. Plaintiff, by and through undersigned counsel, respectfully moves this Court, pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference regarding an unresolved discovery dispute on Plaintiff's Notice of Deposition pursuant to Fed. R. Civ P. 30(b)(6) served on July 10, 2025, attached as Exhibit 1.

### *Relevant Facts*

Plaintiff was detained in Central Booking on March 17, 2022 during which time he was housed in a holding cell. At some point during his detention, Plaintiff was placed in a cell with three other detainees. During this time period, Plaintiff was assaulted while in the custody of the New York Police Department, in a cell under the supervision of Defendant(s). One of the three detainees housed with Plaintiff has been identified as the assailant, Carlos Soba. Upon information and belief, Carlos Soba was also classified by Defendants as an individual with heightened safety concerns.

Plaintiff deposed Defendant Police Officer Lamcaj on April 8, 2025. During the deposition, Defendant Officer Lamcaj was questioned about the classification of detainees in Manhattan Central Booking at 100 Centre Street, where Plaintiff was housed. Defendant Officer Lamcaj acknowledged a system of classifications for individuals based on safety concerns, but was unable to provide any specifics of the policies, procedures, criteria or timing that was in place in March 2022.  On April 9, 2025, the undersigned had a phone discussion with defense counsel at the time, Michael Viviano regarding the outstanding depositions as well as potential settlement. Mr. Viviano informed me that he would need a 45-day extension because he was leaving his office on May 5, 2025. A fourth request for extension of discovery was made and granted on May 2, 2025, shortly before Mr. Viviano left his position at the New York City Law Department. On May 13, 2025, Thomas Lai, entered an appearance on the case as new counsel for Defendants. The parties exchanged correspondence regarding discovery and submission for settlement in preparation for the settlement conference on May 27, 2025 in front of Judge Gorenstein. On June 6, 2025, the parties learned that a settlement would not be reached. The parties resumed discovery and the



Hon. Jennifer L. Rochon
August 29, 2025
*Page 2*

deposition of Plaintiff was scheduled for July 18, 2025.

On July 10, 2025, Plaintiff served the Notice of Deposition on defense counsel requesting the City to produce a witness to be deposed on July 25, 2025. *See Ex. 1.* On July 24, 2025, the undersigned received an email from Mr. Lai stating "[p]lease be advised that the City will not be producing a witness tomorrow at the noticed date and time. We will respond separately to the notice the beginning of next week." On July 29, 2025, Plaintiff's counsel requested a meet and confer via phone and a conference was scheduled for July 30, 2025. Defense counsel also served a response to the Notice of Deposition on July 30th, shortly before the conference. *See Ex. 2.*

The parties conferred via telephone on July 30, 2025 at 4:22pm for thirteen minutes but were unable to reach an agreement. Plaintiff's position is that the information sought is within the discovery parameters and reaches the heart of Plaintiff's failure to protect claim. Defense counsel maintained his written objections claiming the demands are not proportional, not relevant and fall outside the scope of discovery. At the conclusion of the conference, the undersigned stated that an impasse had been reached and Plaintiff would seek relief from the Court. On July 31, 2025, Plaintiff raised this issue with this Court and defense counsel asked that any relief from the Court be sought after August 18, 2025 to accommodate his scheduled leave. Plaintiff now moves the Court for a pre-motion conference on the Notice of Deposition.

### *The Court Should Grant Plaintiff's Request for A Pre-Discovery Conference*

Plaintiff will be prejudiced without access to the requested information. Without an accurate understanding of the safety classification system employed by the Defendants City and the New York Police Department during Plaintiff's detention in Manhattan Central Booking, Plaintiff is unable to fully investigate or produce evidence supporting the claim that Defendants failed in their duty to protect Plaintiff on March 17, 2022. Further, Plaintiff has requested the information in dispute in discovery demands; and the safety of detainees, including Plaintiff, and the failure to protect Plaintiff are at the core of the complaint allegations. Moreover, there are state law claims in this case and New York courts have found that the NYPD's policies and guidelines are relevant evidence of the standard of care. *See*, *e.g.*, *Lubecki v. City of New York*, 304 A.D.2d 224 (1st Dep't 2003).

For the foregoing reasons, Plaintiff respectfully requests that this Court schedule a Rule 37.2 discovery conference.

Respectfully Submitted,

*/s/ Bejal J. Shah*
Bejal J. Shah

cc:     All Counsel of Record