UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVIS ROSS,<br><br>        Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-04927 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  The Court held a discovery hearing on September 18, 2025, to discuss various issues raised in Plaintiff's recent letter motions and Defendants' letter responses. *See* Dkts. 68, 71, 72, 74, 75. For the reasons stated on the record at the hearing, it is hereby ORDERED as follows:

  The deadline for the completion of all discovery shall be extended to **October 30, 2025.** The post-discovery pretrial conference currently scheduled for November 5, 2025, shall be adjourned to **December 4, 2025, at 12:00 p.m.**

  Plaintiff shall respond to Defendants' follow-up requests from Plaintiff's deposition no later than **October 9, 2025.** Defendants shall also continue to make good faith efforts to identify the second witness in the surveillance video and produce his identity to Plaintiff by that date.

  Given Defendants' representation that Defendant Elder is expected to return from medical leave and be available to sit for a deposition in the in the second half of October, the parties shall work together to determine a mutually agreeable date for Defendant Elder's deposition prior to the close of discovery on October 30, 2025.

  Plaintiff shall be permitted to depose the City's 30(b)(6) witness on all noticed topics except for the "physical layout and configuration of Central Booking holding cells," Dkt. 68-1

at 2, which can be ascertained by inspection. The deposition shall be limited to four hours. The Court overrules Defendants' remaining objections to the noticed topics pertaining to the City's and/or the NYPD's policies, procedures, and practices, which are relevant to Plaintiff's state law claims and § 1983 claims against the Individual Defendants. This ruling pertains only to discoverability and shall not be construed as a ruling on ultimate admissibility.

The parties shall be permitted to serve post-deposition follow-up discovery demands at any time prior to the close of discovery as long as the demands are reasonable deposition follow-up requests.

The Clerk of Court is respectfully requested to terminate the motions at Dkts. 71 and 75.

Dated: August 1, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge