UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

DAVID ROSS,

Plaintiff,

-against-

CITY OF NEW YORK, a municipal entity, POLICE
OFFICER JASON SOTO, New York City Police Officer,
in his individual capacity, POLICE OFFICER
AMARILDO LAMCAJ, New York City Police Officer, in
his individual capacity, and POLICE OFFICER
CLARISSA ELDER, in her individual capacity,

Defendants.

-------------------------------------------------------------------------x

**STIPULATION AND
PROTECTIVE ORDER
CONCERNING
INSPECTION OF N.Y.P.D.
FACILITY**

23 Civ.04927 (JLR)

**WHEREAS**, Plaintiff has requested that the City of New York ("the City")

provide him access to Manhattan Central Booking ("Manhattan Central Booking") at 100 Centre

Street, New York, New York, where Plaintiff was held on March 17, 2022, for the purposes of

inspecting, and photographing the premises, pertaining to the above-referenced case; and

**WHEREAS**, the City objected to the scope of the requested inspection and a

conference was held with the Court on October 29, 2025, at which time the Court ordered the

City to permit Plaintiff to inspect the male holding portion of Manhattan Central Booking; and

**WHEREAS,** because of security concerns, the City of New York deems the

photographs and any information or document depicting the likeness of NYPD facilities

privileged and/or confidential; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure; and

**WHEREAS**, defendants object to granting Plaintiff access to Manhattan Central

Booking for the purpose of taking photographs and/or making drawings unless appropriate

protection for confidentiality is assured and that Plaintiff agrees to and abide by the terms and conditions set forth below; and

**WHEREAS**, defendants believe that the taking of photographs and/or making any drawings may implicate security, law enforcement, governmental and/or privacy interests of NYPD, its employees, contractors and/or subcontractors, and may also implicate NY CPL 160.50/160.55 concerns;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for plaintiff and defendants, respectively, as follows:

1.      As used herein, "Confidential Materials"[1] shall mean the photographs, negatives or digital camera files, print images, sketches, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the inspection of Manhattan Central Booking.  **These documents are deemed confidential** except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from a source other than defendants, or (b) are otherwise publicly available.

2.      Plaintiff's attorney will maintain the Confidential Materials subject to "attorneys' eyes" only until such time as the review and redaction process described below in paragraph 3 is complete. Following the redaction process described in paragraph 3, Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

---

[1] By entering into this Stipulation, defendants do not waive any other objections which may exist to the production of documents defined as "Confidential Materials" herein nor do defendants waive any objections to their admissibility.

a. Disclosure before trial may be made only to Plaintiff and experts retained or specially employed by Plaintiff in this action, in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

b. Before any disclosure is made to a person listed in subparagraph (a) above (other than to Plaintiff or the Court), Plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A,* not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials. A copy of the signed consent will be given to counsel for Defendants within 3 days of execution and, whenever practical, in a reasonable amount of time of 5 days in advance of and prior to inspection by the witness of the Confidential Materials. Consistent with Fed. R. Civ. P. 26(b)(4)(D), Plaintiff's attorneys may redact from Exhibit A the name of any expert who has been retained or specially employed to prepare for trial and who is not expected to be called as a witness at trial or whose opinion will not be disclosed.

3.    Within 5 business days after the inspection is complete, Plaintiff's counsel will provide Defendants' counsel a copy of the digital files of all photographs taken during the inspection. Within 10 business days thereafter, Defendants' counsel will inform Plaintiff's

counsel of the portions of the photographs to redact that Defendants determine require redaction to protect the security, law enforcement, governmental and/or privacy interests of NYPD, its employees, contractors and/or subcontractors. Within 5 business days thereafter, Plaintiff's counsel will redact the photographs and advise Defendants' counsel if they have any objections to any of the redactions and if they do, the parties will confer in a reasonable time to attempt to resolve the dispute. Any unresolved dispute about redactions may be submitted to the Court by either party. Within 5 business days from the resolution of any disputed redactions, Plaintiff's counsel will confirm to Defendants' counsel in writing that they have destroyed all copies of the unredacted photographs to which redactions were applied. Plaintiff's counsel will not need to destroy original photographs that did not receive any redactions, or where redactions were ultimately removed all together from the photograph by agreement of the parties or order of the Court.

4.      Plaintiff's attorney and/or Plaintiff shall not use or disclose the Confidential Materials to any individual in violation of this agreement and for any purpose other than for the preparation for and/or presentation of Plaintiff's claims in the above-entitled case.

5.      Plaintiff's attorneys shall provide any individual accompanying them to Manhattan Central Booking, including any photographers, with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than as provided in this Stipulation, and not to further disclose or disseminate the Confidential Materials. The original of each signed consent shall be retained by Plaintiff's attorneys and a copy thereof shall be given to counsel for the defendants.

6.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

7.    A party seeking to file any material which incorporates Confidential Material or reveals the contents thereof must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

8.    In the event the District Court finds the Confidential Materials admissible at a trial of this action, the defendants reserve the right to seek any protections concerning the use or disclosure of the Confidential Materials at trial.

9.    Within 30 days after the termination of this Action, including any appeals, the Confidential Material, including all copies (other than the Court's copies of such material), shall be returned to defendants' attorneys (except for Confidential Materials that constitute Plaintiff's counsel's attorney work product or materials protected under Fed. R. Civ. P. 26(b)(3)(A) that Plaintiff shall destroy) or, upon defendants' attorneys' consent, destroyed; except that plaintiff's attorney shall retain one copy of the Confidential Material, and any Confidential Material containing plaintiff's attorney work product (including but not limited to, notes, and other materials containing or referring to the contents of Confidential Material), to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect plaintiff's own information of similar nature) are imposed to prevent the use of the Confidential Material for any other

purpose.  Confidential Material which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Material and shall also be safe guarded by plaintiff's attorney in the same manner as described in this paragraph.

10.    Plaintiff's attorneys and/or anyone accompanying them to Manhattan Central Booking shall NOT under any circumstances inspect take close up photographs, or draw in any fashion, the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, door knobs and/or other similar equipment used to secure the doors, gates and windows; and any prisoner, or police or correction personnel whether in uniform or not, at Manhattan Central Booking. The Plaintiff may not video record or audio record, or use any cell phone camera at Manhattan Central Booking.

11.    Plaintiff's attorneys, and any individual accompanying them to the site visit, shall not speak to any prisoner for any reason.

12.    Plaintiff's attorneys, and any individual accompanying them to the site visit, shall not interview or question any members of service for any reason, unless given explicit permission by defendants' attorneys.

13.    If at anytime it appears to the defendants' counsel and/or department staff present during the site visit that Plaintiff's attorney or anyone accompanying them, whether inadvertently or not, is inspecting or taking close up photographs or drawings of any area not permitted by this Stipulation and Protective Order, Plaintiff's attorney will be immediately directed and expected to cease inspecting, photographing or drawing and the site inspection shall be terminated.  At that time, if necessary, the parties will endeavor to resolve the dispute in

question.  If the parties cannot resolve such matters after a good faith effort, then the parties reserve the right to seek relief from the Court.

14.     The plaintiff's attorney shall provide the defendants with duplicates of all photographs and/or drawings taken during the above-mentioned site visit, regardless of their quality and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to defendants' counsel.  The City reserves the right after inspection of these documents, and if necessary, to determine whether a prohibited item, area or individual as described above, has been photographed and/or drawn by plaintiffs.  Defendants will inform Plaintiff's attorney of such determinations within a reasonable time frame after receipt of the photographs and drawings.  Plaintiff will, within ten (10) days after receipt of defendants' objections, respond in writing to defendants' determination concerning the photography of prohibited item, area or individual.  If the parties cannot resolve such matters after a good faith effort, then the defendants may seek relief from the Court.

15.     Plaintiff's attorney is required to provide the defendants with all necessary information regarding the identities of counsel and any other persons who participates in the site visit at least 48 hours prior to the inspection.

16.     The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

17.     The parties agree to jointly request the Court to enter this Stipulation and Protective Order as an Order of the Court.  The terms set forth herein shall not be voided or otherwise alter the agreement between the parties if it is not endorsed by the Court. In any event,

this Stipulation and Protective Order will be in full force and effect upon execution by the parties.

18.    This Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and Protective Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned, or signed version pursuant to Rule 5 of the Federal Rules of Civil Procedures, shall be deemed the "original" for the purpose of signing this Stipulation and Protective Order.

19.    Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:  New York, New York
       January 5, 2026

RICKNER MOSKOVITZ LLP
*Attorneys for Plaintiff*
14 Wall Street, Suite 4c
New York, NY 10005
(212) 300-6506


By: _____
Joshua Moskovitz
*Attorney for Plaintiff*

MURIEL GOODE-TRUFANT
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 788-8714


By: _____
Thomas Lai
*Attorney for Defendants*


SO ORDERED:

**Dated: January 8, 2026**

_____
UNITED STATES DISTRICT COURT
JUDGE JENNIFER L. ROCHON

8

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Concerning Inspections of NYPD Booking Facility Manhattan Central Booking dated December _____, 2025, entered in the United States District Court for the Southern District of New York in the action entitled *David Ross v. City of New York, et al.*, 23 Civ. 4927 (JLR) and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation